The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE, WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR21-00133 RSM |
| Plaintiff, | |
| vs. | DEFENDANT MATTHEW SLATER'S SENTENCING MEMO |
| MATTHEW RUHMANN SLATER, | |
| Defendant. | **Hearing: April 8, 2022 at 1:00 pm** |

DEFENDANT MATTHEW RUHMANN SLATER submits this sentencing memorandum in anticipation of his sentencing for the crime of making Interstate Threats, in violation of 18 U.S.C §875(c), as charged in Count 4 of the Indictment brought in this case. Mr. Slater was convicted of this offense after his January 4, 2022 guilty plea was accepted by this Court. All parties before the Court agree that the prison term in this case should be 30 months.

I.  DEFENSE SENTENCING RECOMMENDATION

The defense respectfully requests that this Court make the following findings, listed below, and impose a term of incarceration of 30 months (concurrent to any sentence on the

pending DUI cases)[1] and three (3) years of supervision on the jointly recommended conditions set forth in Paragraph 11 of the Plea Agreement. The defense requests that the Court not impose a fine in this case. The defense joins the government in recommending that the Court impose one day of custody on the supervised release violations, with no additional term of supervised release to follow since a term will be imposed in the new case. The recommended sentence of 30 months is jointly recommended by the defense, the government and U.S. Probation.

- Mr. Slater's base offense level is 12, pursuant to USSG section 2A6.1(a)(1);

- Mr. Slater should receive a two-level increase under USSG section 2A6.1(b)(2) because the offense involved more than two threats;

- Mr. Slater should receive a six-level increase under USSG 3A1.2(b) because the victims were each government employees and the offense was motivated by this status;

- Mr. Slater has timely and fully accepted responsibility for his offense and should receive a reduction of 3 points (USSG §3E1.1);

- Mr. Slater's total offense level is 17;

- Mr. Slater is in criminal history category III;

- Mr. Slater's advisory sentencing range is 30-37 months;

- A sentence of 30 months (to be run concurrently with any time imposed on the pending DUI cases) and three (3) years of supervision with standard conditions and all conditions agreed to by Mr. Slater in his plea agreement is a sentence that is sufficient but not more than necessary to punish Mr. Slater and serve the other objectives of sentencing.

---

[1] The pending case numbers are all in Pierce County District Court cases 9ZC002663, 9ZC002662 and XZC001251.

SENTENCING MEMORANDUM OF DEFENDANT  
MATTHEW SLATER- 2

LAW OFFICE OF JENNIFER HORWITZ, PLLC  
P.O. BOX 70859  
Seattle, WA 98127  
(206) 799-2797

- Mr. Slater respectfully requests a judicial recommendation that he serve his remaining sentence at the prison in Engelwood, Colorado and that he be recommended for the 500-hour drug treatment program while incarcerated.

II.     GUIDELINE RANGE

A.     Offense Level:

| | |
|---|---|
| Base Level for violation of 18 U.S.C. §875(c)  §2A6.1(a)(1) | 12 |
| Increase for 2+ Threats 2A6.1(b)(2) | +2 |
| Increase for offense motivated by government employee status  3A1.2(b) | +6 |
| Acceptance of Responsibility §3E1.1 | -3 |
| Total Offense Level | 17 |

B.     Criminal History Category:     III[2]

C.     Standard Range:     30-37 months

III.     INFORMATION ABOUT MATTHEW SLATER AND THE OFFENSE

A.     General Personal Background

Mr. Slater was previously convicted of making Interstate Threats in his previous case, 20-134 RSM. Mr. Slater was sentenced on June 15, 2021 to credit for the time he had served on that case, which was about 12 months. The events that occurred while he was on supervision and the conduct that gave rise to this second case will be discussed in a later section of this memo.

Mr. Slater was born in Redmond, Washington and lived in Washington until age 13, when his family moved to Idaho. He grew up with his parents and sister and seems to have

---

[2] Mr. Slater is in criminal history category III after this Court imposed his a 12-month sentence in 20-134 RSM and after receiving an additional two points, which were added for commission of the instant offense while Mr. Slater was under supervision on his prior case (20-134 RSM).

SENTENCING MEMORANDUM OF DEFENDANT
MATTHEW SLATER- 3

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA  98127
(206) 799-2797

had a largely positive experience in his family. However, there were early signs that Mr. Slater had mental health issues, including experiencing twitches, insomnia, compulsive behavior and anxiety. When Mr. Slater was 13, the family moved to Idaho. Mr. Slater had trouble adjusting and, according to his mother, had trouble building relationships in his new home and he began to isolate himself from the family by spending time alone in the basement of the home. By the time Mr. Slater was in high school, his mother felt he had developed bulimia. In college, Mr. Slater was diagnosed with TMJ, anxiety, obsessive compulsive disorder and depression. He also began taking prescribed medication for anxiety and depression during his time in college.

Mr. Slater graduated from college at the University of Washington in 2002 with a degree in biology. He then obtained a Masters degree in Public Health in Albuquerque, New Mexico. After working in Oklahoma as an epidemiologist from 2007-2010, Mr. Slater obtained a Doctor of Pharmacy degree from Lake Erie College of Osteopathic Medicine in Pennsylvania. He began working as a pharmacist for the Colorado Indian Tribe in Arizona and then started working at the Department of Veterans Affairs (hereinafter the "VA") in Seattle, Washington in 2017.

B. <u>Chronic Pain, Substance Abuse and Mental Health Issues</u>

Counsel for Mr. Slater requested and obtained prior medical records from several providers as well as retaining expert Dr. Allen Breen in 20-134 RSM to review the records and write a report, which has previously been shared with the government and U.S. Probation, and which informed the terms of the Plea Agreement. It is very clear from a review of the numerous records that Mr. Slater has suffered from a combination of chronic pain issues, overuse and misuse of alcohol, and a variety of mental health issues and that

these issues have intensified and worsened over time, especially over the last two years while he has been incarcerated.[3]  By all accounts, the prolonged and painful illness and finally the death of Mr. Slater's father in June 2019 triggered Mr. Slater's downward spiral, affecting his mental health and setting in motion a series of events culminating in his conduct beginning with his first offense, charged under 20-134 RSM.  As Mr. Slater's father became sicker, Mr. Slater's own physical and psychological pain intensified.  By his own account, he was "self-medicating" with alcohol and was arrested and charged with driving under the influence ("DUI") on September 29, 2019 and September 30, 2019.

     Mr. Slater suffered from jaw pain and was diagnosed with TMJ in college.  Later in life, and especially during his father's illness, Mr. Slater's pain became more focused in his neck.  He purchased devices to help him address the pain, including an inversion table and a device called the Comfortrac , which provided cervical traction.  Mr. Slater received six weeks of physical therapy for his neck pain.  He has also consulted four neurosurgeons and had numerous diagnostic procedures and tests, including:  MRI, neck flexion-extension X-ray, EMG, discogram, and a corticosteroid injection to the base of the neck.  He has taken a host of medications to deal with the pain and was in treatment with a pain management clinic for two years.  Mr. Slater has had two surgical procedures and was contemplating a third surgical procedure that carried a risk of paralysis just when the COVID-19 pandemic shut down normal functions, including non-emergency medical care.  After Mr. Slater's sentencing and release on his first case, Mr. Slater again tried to address his chronic pain issue and had set an appointment for August 4, 2021 to re-establish care with a doctor who

---

[3] Since his original hospitalization and subsequent arrest in Albuquerque, beginning on May 22, 2020, Mr. Slater has only been out of custody during the short time he was released on supervision from June 15, 2021- July 30, 2021.

SENTENCING MEMORANDUM OF DEFENDANT MATTHEW SLATER- 5

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA  98127
(206) 799-2797

was supposed to do his surgery.  Once again, his mental health issues and criminal conduct worked at cross-purposes with his need for a surgery to address his chronic pain and he was unable to attend his August 4 appointment after his arrest at the end of July 2021.

The previously mentioned DUI charges, which occurred a few months after Mr. Slater's father died, threatened to jeopardize Mr. Slater's career as a pharmacist.  Mr. Slater was aware that any issues with substance abuse would pose an issue for the pharmacy licensing board.  Mr. Slater's work as a pharmacist at the Veteran's Administration was a source of stability, social connection, pride and self-esteem for him.  After the DUI arrests, Mr. Slater began having performance issues at his job at the Veteran's Administration.  In January of 2020, Mr. Slater was reassigned from his post as a pharmacist to logistics (essentially the mail room) because of the DUI cases and his performance issues.  This caused him such distress that he went on leave in February 2020 under the Family Medical Leave Act for his mental health issues shortly after his reassignment.

Nancy Slater submitted a letter for Mr. Slater's sentencing in 20-134 RSM.  In that letter, she described, leaving her home in Albuquerque and traveling to Seattle in January 2020 because she sensed that her son was spiraling downward and needed help.  She arrived in Seattle to find Mr. Slater paralyzed by severe depression.  After his demotion from the pharmacy at the VA, Mr. Slater knew he was going to lose his job and was not able to function in the logistics job that was his new post.  Mrs. Slater attempted to get her son the help he needed but it was six weeks before he was able to be seen by a mental health professional who could prescribe medication for Mr. Slater's anxiety and depression.  Once Mr. Slater went on leave from his job, he decided to leave Seattle and stay with his mother in Albuquerque.  Shortly after his arrival in Albuquerque, in March 2020, COVID-19 was

SENTENCING MEMORANDUM OF DEFENDANT
MATTHEW SLATER- 6

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA  98127
(206) 799-2797

declared a pandemic and the country started to go into lockdown.  This final stressor was added onto the trauma and loss of Mr. Slater's father, his chronic pain and search for a solution to that pain, his history of "self-medicating" with alcohol, his pending DUI cases and the loss of his job as a pharmacist.

While in Albuquerque, and related to the Facebook posts in his prior case, Mr. Slater was involuntarily hospitalized at a facility called Kaseman Behavioral Health from May 22-May 29, 2020 before his transfer to Washington State to face charges in his first case.  Once released from custody after sentencing on his first case, Mr. Slater scheduled an appointment with an addictions psychiatrist for August 31, 2021 - the earliest available new patient appointment after his insurance started August 1, 2021.  Sadly, Mr. Slater was re-arrested July 30, 2021 on supervised release violations and the allegations in his new case before he was ever able to go to that appointment.  At the time of sentencing for this case, Mr. Slater will have been in custody again for a little over 8 months with very limited contact with mental health professionals while at the Federal Detention Center.  On November 10, 2021, the defense moved for Mr. Slater's release on condition that he present himself voluntarily to the emergency room at Harborview for a psychiatric assessment in the hope that he would then be referred for inpatient treatment.  ( See, 20-134 RSM, Dkt. 52).  The defense proposed  release to Harborview for assessment, with continued release for purposes of inpatient treatment only.  The motion was denied with respect to the supervised release violations, so no motion was ever brought in this case.  <u>There is information contained in that  release motion (at Dkt 52 of 20-134 RSM) and attachments that Mr. Slater respectfully asks that the Court review for his sentencing.</u>

SENTENCING MEMORANDUM OF DEFENDANT
MATTHEW SLATER- 7

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA  98127
(206) 799-2797


C. The Offense Conduct

The Presentence Report and Plea Agreement accurately describe Mr. Slater's conduct in this case. On July 29, 2021, Mr. Slater had consumed alcohol, in violation of his conditions of release on 20-134 RSM. Under the influence of alcohol, he began venting the anger he felt about his first case and his conditions of supervision. He expressed anger toward his original victims from his first case and made violent threats toward them, as well as the detective who investigated that case, who became Victim #3 in this case. While the offense was committed by sending these venting texts to his mother, he was aware U.S. Probation was monitoring his phone and would become aware of his communications. Mrs. Slater also made good on her promise to notify Probation and law enforcement of Mr. Slater's concerning behavior and Mr. Slater was arrested on July 30, 2021. Once Mr. Slater became less intoxicated, he realized that he had sent concerning text messages to his mother and texted her at 8:08 pm on July 29, "just kidding." However, this did not mitigate the disturbing nature of the threats he had texted to his mother earlier in the day and, understandably, law enforcement, U.S. Probation and the victims were concerned that Mr. Slater had been serious when he made the threats.

D. Mr. Slater's Arrest and Incarceration on this Offense

Mr. Slater was arrested for this offense on July 30, 2021 and has been incarcerated at the FDC since his arrest. He has been subject to extended periods of "lockdown" conditions due to COVID mitigation strategies which have made his pretrial detention at the FDC harsher than it would have been before the pandemic.

SENTENCING MEMORANDUM OF DEFENDANT
MATTHEW SLATER- 8

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA 98127
(206) 799-2797

E. <u>Mrs. Slater's Letter</u>

Mrs. Slater has provided to the Court her letter as <u>Exhibit A</u> to this memorandum. Mrs. Slater's letter outlines what Mr. Slater was doing to address his chronic pain issues as well as his complex mental health and addiction issues when he was released from custody after his sentencing in June 2021. She describes how Mr. Slater's efforts to obtain treatment were interrupted by his arrest on this case. Her perspective, which defense counsel shares, is that Mr. Slater has been "stuck" since his original hospitalization and arrest in Albuquerque, because he has not been able to obtain the treatment he needs. It is everyone's hope that once Mr. Slater serves his sentence on this case, he will be able to access the treatment he needs and will be able to move forward and not repeat the conduct that led to both of his prosecutions in federal court.

F. <u>Victim Impact Letters</u>

Mr. Slater has been made aware of the three victim impact statements filed in this case and understands that his victims were terrified by the threats he made and had no way of knowing that he did not intend to carry out his threats.

G. <u>Mr. Slater's Statement</u>

Mr. Slater's statement to the Court is provided at <u>Exhibit B</u> to this memorandum, along with the documents that he requested counsel attach to his personal statement. The handwritten personal statement is provided but a typed version has also been provided to the Court, as it is easier to review. In his statement, Mr. Slater emphasizes that it was never his intention to actually harm any of his victims. Nevertheless, he expresses that there is no excuse for his conduct and takes full responsibility for his actions.

SENTENCING MEMORANDUM OF DEFENDANT
MATTHEW SLATER- 9

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA  98127
(206) 799-2797

### IV.    BASIS FOR DEFENSE RECOMMENDATION

"The Guidelines are not only *not mandatory* on the sentencing courts; they are also not to be *presumed* reasonable." *Nelson v. U.S.*, 129 S.Ct. 890, 892, 2009 WL 160585 (Jan 26, 2009)(emphasis in original).  Rather, "the sentencing court must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. §3553(a), explaining any variance from the former with reference to the latter." Id.  The Court's ultimate objective is to impose a sentence that is sufficient but not more than necessary to accomplish the reasonable objectives of sentencing.  *See, Rita v. U.S.*, 551 U.S. 338 (2007).

Despite the fact that there is significant mitigating information about Mr. Slater's physical and mental health, Mr. Slater recognized that his lack of compliance with his conditions of release on his first case and his new offense conduct justified a much more severe sentence than he received in his first case, in which the Court gave him a sentence significantly below the bottom of his guideline range.  Rather than ask his counsel to, again, make a pitch to the Court for a sentence below his guideline range, Mr. Slater agreed that he should serve the bottom of the guideline range in this case - 30 months.  Even in his compromised state, Mr. Slater was able to make this decision which represents a real acceptance of responsibility for his actions that is more powerful than any words he can say to the Court.  A 30- month sentence represents a significant increase over his last sentence of 12 months.  All parties agree this is a fair and reasonable resolution of a sad and troubling second criminal prosecution against Mr. Slater.

Mr. Slater has long-standing and well-documented pain and mental health issues and had consumed alcohol at the time he sent the text messages in question to his mother.  Mr.

SENTENCING MEMORANDUM OF DEFENDANT  
MATTHEW SLATER- 10

LAW OFFICE OF JENNIFER HORWITZ, PLLC  
P.O. BOX 70859  
Seattle, WA  98127  
(206) 799-2797

Slater's venting to his mother was a crime and was unacceptable. However, there is no indication he had any intent to carry out his threats. A sentence of 30 months is appropriate in this case.

## V.    CONCLUSION

A sentence of 30 months in custody (concurrent to any sentence imposed on the DUI cases) is an appropriate sentence in this case, given Mr. Slater's conduct in this case, his acceptance of responsibility and the mitigating circumstances of his background and mental illness. The sentence should include three years of supervision with the standard conditions and conditions agreed to in the Plea Agreement. He should also receive one day in custody for his supervised release violations. This sentence is sufficient but not more than necessary to deter future criminal conduct and, promote the ends of punishment and rehabilitation and other goals of sentencing.

Respectfully submitted this 1st day of April, 2022.

*Jennifer Horwitz*
Jennifer Horwitz WSBA#23695
Attorney for MATTHEW SLATER
Law Office of Jennifer Horwitz, PLLC
P.O. Box 70859
Seattle, WA  98127
Telephone: (206) 799-2797
E-mail: jennifer@jenniferhorwitzlaw.com

SENTENCING MEMORANDUM OF DEFENDANT
MATTHEW SLATER- 12

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA 98127
(206) 799-2797